**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2877-17T3

KEVIN M. BOTHWELL,

      Plaintiff-Appellant,

v.

WILLIAM H. HOWARD, III

      Defendant-Respondent,

and

HARDSCAPES, LANDSCAPES &
CUSTOM POOLS BY NATURE
GREEN, INC., BILL HOWARD &
SONS, LLC, MELBOURNE
TRUCKING AND LEASING, LLC,
NATURE GREENLANDSCAPE
ARTISTRY & GARDEN CENTER,
INC.,

      Defendants.

_____

Argued March 6, 2019 – Decided March 22, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2050-16.

Wesley Hanna argued the cause for appellant (Law Office of Sander D. Friedman, LLC, attorneys; Sander D. Friedman and Wesley Hanna on the briefs).

Chad M. Sherwood argued the cause for respondent.

PER CURIAM

Plaintiff, Kevin M. Bothwell, appeals from a Law Division order that denied his motion to enter judgment on a jury verdict against a defendant whose debt had been discharged in bankruptcy. Because the record is inadequate and does not permit proper appellate review, we dismiss the appeal.

In May 2017, a jury returned a $17,000 verdict against defendants William Howard, III (Howard) and Bill Howard & Sons, LLC, (the Company) on plaintiff's claim that these defendants had fraudulently transferred assets to defraud his anticipated collection efforts. The Law Division judge entered judgment on the jury's verdict against the Company and awarded plaintiff attorney's fees. The judge denied without prejudice plaintiff's motion for entry of judgment against Howard, "pending the outcome of a motion that may be filed by plaintiff before the bankruptcy court."

A-2877-17T3

Plaintiff filed the motion in the United States Bankruptcy Court, District of New Jersey. The court denied it. Plaintiff had not provided the court with the transcript of the Law Division trial. The court explained:

> [Plaintiff] has failed to provide this Court with any material regarding the Judgment that would permit the Court to grant the Motion. The fraudulent transfer count of the Complaint includes allegations of pre-petition and post-petition conduct. Moreover, the prayer for relief in the Complaint specifically references allegedly fraudulent transfers that occurred pre-petition. As noted above, causes of action arising from pre-petition conduct are barred by the automatic stay, and any judgment that results from those claims are void against the Debtor. Thus, the Judgment is barred by the automatic stay and cannot be entered if the jury's finding of liability was based, even in part, on the pre-petition conduct of the Debtor.

The court concluded, "there is insufficient evidence for this Court to make a definitive determination on the merits of the issue. [Plaintiff] has failed to meet his burden and therefore the Motion for a determination that the automatic stay does not apply must be denied." Notwithstanding its denial of plaintiff's motion, the court advised, "if the State Court finds that the jury found liability based exclusively on the Debtor's conduct after the Petition Date, the automatic stay does not apply and Judgment may be entered. But this Court cannot make such a finding based on the information before it."

3

Following the Bankruptcy Court judge's decision, plaintiff filed a motion in the Law Division seeking entry of judgment on the jury verdict. His motion papers did not include a transcript of the trial. During oral argument, the judge said he would deny the motion without prejudice because he needed transcripts. He refused to decide the issue based upon the recollections of the attorneys. The judge said that he would consider trial transcripts as well as the proposed jury verdict forms the parties had submitted in the underlying fraudulent transfer case. Plaintiff's counsel informed the court he would waive any argument based on the proposed jury verdict forms. When it became clear plaintiff did not intend to obtain the trial transcripts, the judge denied the motion. Plaintiff appealed.

On appeal, plaintiff contends the jury verdict "can only be construed as finding fraud with regards to transfers that took place subsequent to the filing of [Howard's] bankruptcy petition." Plaintiff adds that the Law Division judge abused his discretion by refusing to consider papers setting forth this argument.

The record of the oral argument belies plaintiff's claim that the Law Division judge did not consider papers plaintiff had submitted. As to entry of judgment against Howard, we agree with the Bankruptcy Court and Law Division judges that the issue cannot be decided without the trial transcripts. They have not been provided. Accordingly, we dismiss the appeal.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION